UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

VALDOSTA DIVISION

MARRIO WILLIAMS, on behalf of himself          CASE NO.:     7:15-CV-233
and those similarly situated,

        Plaintiff,

vs.

STOKES MASONRY & CONSTRUCTION
COMPANY, LLC, a Georgia limited liability
company, and JOHN STOKES, individually

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARRIO WILLIAMS ("Williams" or "Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, STOKES MASONRY & CONSTRUCTION COMPANY, LLC ("SMCC" ), a Georgia limited liability company, and JOHN STOKES, ("Stokes") individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA

and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.      At all times material hereto, Plaintiff was and continues to be a resident of Lowndes County, Georgia.

5.      At all times material hereto, SMCC was and continues to be a Georgia Limited Liability Company.

6.      At all times material hereto, SMCC was and continues to be engaged in business in Georgia, with its principal place of business in Lowndes County, Georgia.

7.      At all times material hereto, SMCC operated and continues to provide masonry, stone setting, and other stone work services, to its commercial clients throughout Georgia and outside of the State of Georgia as well.

8.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9.      Specifically, Plaintiff regularly traveled in interstate commerce, and worked on behalf of the Defendants in multiple states as well, throughout his employment with Defendants.

10.     At all times material hereto, STOKES was, and continues to be, a resident of Lowndes County, Georgia.

11.     At all times material hereto, STOKES operated SMCC.

12.     At all times material hereto, STOKES regularly held and/or exercised the authority to hire and fire employees of SMCC.

13.     At all times material hereto, STOKES regularly held and/or exercised the authority to determine the work schedules for the employees of SMCC.

14.     At all times material hereto, STOKES regularly held and/or exercised the authority to control the finances and operations of SMCC.

15.     By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SMCC; (b) determine the work schedules for the employees of SMCC; and (c) control the finances and operations of SMCC, STOKES is an employer as defined by 29 U.S.C. 201 et. seq.

16.     Plaintiff was an "employee," of Defendants within the meaning of FLSA.

17.     At all times material hereto, Defendants was the "employer" within the meaning of FLSA.

18.     Defendants were, and continue to be, an "employer" within the meaning of FLSA.

19.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20.     At all times relevant hereto, Defendants had more than two employees.

21.     At all times material hereto, Defendants had two (2) or more employees handling, buying, or otherwise working on goods or materials that had been moved in or produced for commerce, such as pneumatic tools, vehicles, protective equipment and stone cutting tools necessary for the day-to-day operation of Defendants' business.

22.     The additional persons who may become plaintiffs in this action are/were other hourly paid non-exempt employees for Defendants, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

23.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business of Defendants.

## STATEMENT OF FACTS

24.     On or about December 9, 2013, Defendants hired Plaintiff to work as an hourly paid, non-exempt "laborer" employee.

25.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

26.     From at least December 2013, and continuing through November 2014, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

27.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

28.     Moreover, Defendants repeatedly failed to pay the Plaintiff on Defendant's regular established payday, and the Plaintiff often had to wait weeks, to receive compensation for the work they he performed.

29.     Defendants has violated Title 29 U.S.C. §207 from at least December 2013, and continuing through November 2014, in that:

a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in

excess of forty (40) hours per work week, as provided by the FLSA; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

30.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

31.    Plaintiff re-alleges and re-avers paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32.    From at least December 2013, and continuing through October 2014, Plaintiff has worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

34.    At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

35.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

36.    Defendants failed to properly disclose or apprise Plaintiff of his rights under

5

the FLSA.

37.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

38.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

39.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate of less than time and one-half for their overtime hours.

40.     Based upon information and belief, the current and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half their regular rate of pay for such hours.

41.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in him favor against Defendants:

        a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

        b.     Awarding Plaintiff the declaratory relief sought herein;

c.      Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.      Awarding Plaintiff pre-judgment interest; and

g.      Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: December 31 2015

Respectfully submitted,

**/s/ Andrew R. Frisch**
Andrew R. Frisch, Esq.
Georgia Bar No. 366105
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone:     (954) 328-0268
Facsimile:     (954) 327-3013
Email: AFrisch@forthepeople.com

***Trial Counsel for Plaintiff***

7